■ ANNA C. FARONE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47591.) — AULISI, J. Appeal from a judgment in favor of claimant, entered September 18, 1968, upon a decision of the Court of Claims. Prior to the appropriations herein, the subject property consisted of two tracts of land located on the easterly side of Route 9 in the City of Saratoga Springs. The first tract was located at the southeast corner of Route 9 and Crescent Avenue and, for valuation purposes, was divided by both appraisers into three separate parcels, identified as Parcels "A", "B" and "C" and Parcels "1", "2" and "3" by the claimant's and State's appraisers respectively. Each of these parcels was valued separately and assigned a different highest and best use. Parcel "A" or "1" was utilized as a gasoline service station, under lease to the Esso-Standard Oil Company, and was improved with a two bay service station, gasoline pump islands, storage tanks, macadam paving and lighting fixtures Parcel "B" or "2" was improved with a single family dwelling and a concrete block shop and shed. Parcel "C" or "3" was a parcel of vacant land. The second tract, labeled as Parcel "D" or "4" by the appraisers, was separated from the first tract by a lot owned by a third party and was also a parcel of vacant land, the site of an abandoned golf driving range and roadside stand. The State appropriated a strip of land along Route 9, .176 acre in area, from the first tract of claimant's land and another strip .407 acre in area from the second tract. As a result of these appropriations, the total land area of the two tracts was reduced, the gasoline service station was rendered inoperable, the depth of the vacant parcels was reduced, and the gasoline pump islands, the storage tanks, a large portion of the paving, the lighting fixtures and the roadside stand were taken. Claimant's appraiser testified that the total damage sustained by reason of the appropriations was $45,000, while the State's expert testified to a total damage figure of $26,900. The trial court awarded claimant $39,375 in damages, $13,800 of which represented direct damage and $25,575 of which represented consequential damage. In valuing the subject property and arriving at its award, the trial court treated the subject property as a single unit and arrived at but one valuation for the entire unit. In so doing, it failed to separately consider and value the four distinct parcels which comprised the subject property as both appraisers had done. This lumping together of these four parcels renders the court's decision incapable of being intelligently reviewed and, absent other circumstances, would necessitate that the matter be remanded to the trial court for additional findings in this regard (see *Conklin* v. *State of New York*, 22 A D 2d 481). In this case, however, such a disposition would be of no avail as the appraisal record as now before us is fundamentally defective and will

require further development prior to a final disposition of the matter. Claimant's appraiser, in testifying, did assign separate valuations to each of the four parcels and did also assess and testify to the total amount of damages sustained by each parcel as a result of the appropriations. What he neglected to do, however, was to further break down his total damage figure for each parcel into the exact amount of direct damages and consequential damages involved. Because of the nature of the proof presented, this court is unable to make that assessment and the absence of such information makes it impossible to fairly and adequately value the subject property. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Aulisi, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Aulisi, J.